LU #22
07-40 (JDB)

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION
### FORM FOR U.S. DISTRICT COURT CASES

UNITED STATES
No. __GJO__

TO: 2007 FDC 5114

Vs.

P.D.I.D. No. _____

**FILED**

__Sunni Ham__ (Defendant)

MAR 0 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

☑ This is a Federal case which is pending in the U.S. District Court for the District of Columbia and is, therefore, transferred over to the United States District Court for the District of Columbia for the next court date of: __Monday, March 5, 2007__.

### COMMITMENT/RELEASE

☑ NO BOND
☐ BOND $_____

Defendant to be delivered for presentment in U.S.D.C. for the District of Columbia

Next Court Date: __Monday, March 5, 2007__

☐ Released on Personal Recognizance to report to the E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, N.W. on: _____.

DEFENSE COUNSEL APPOINTED FOR PRESENTMENT IN SUPERIOR COURT ONLY:

Name: _____

Address: _____

Telephone No. _____

DEFENDANT'S NAME: __Sunni Ham__

Address: _____

_____  Telephone No. _____

DEFENDANT'S SIGNATURE: _____

DATE: __3-3-07__                         _____
                                          JUDICIAL OFFICER PRESIDING
                                          Turner

white-court            yellow-usao            Pink-defense

CD-3026/Mar. 03


#22

# PUBLIC DEFENDER SERVICE
## INITIAL DISCOVERY REQUESTS

CASE NAME: __US. v S. Ham__  JACKET NO.: _____ DATE: __03/03/07__

DEFENSE ATTORNEY: __Daisy Bygrave__  PHONE #: __824-2736__

DELIVERED IN C-10 TO ASSISTANT UNITED STATES ATTORNEY: _____

1. **STATEMENTS:** I request that you disclose to me and make available for inspection, copying, or photographing, any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. Also, I request that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, and any recorded testimony of the defendant before a grand jury which relates to the charged offense. In addition, I request that you disclose the substance of any other oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent if the government intends to use that statement at trial.

2. **PRIOR RECORD:** I request that you furnish me with a copy of the defendant's prior record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutor.

3. **DOCUMENTS AND TANGIBLE OBJECTS:** I request that you preserve and permit me to inspect and copy or photograph any and all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are in the possession, custody or control of the government, and which are material to the preparation of the defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant. Also, I request that you give me a viewing letter within five days of this date, if one is needed, to inspect and copy or photograph any of the above-listed items.

4. **REPORTS OF EXAMINATIONS AND TESTS:** I request that you permit me to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutor, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

5. **EXPERT WITNESSES:** I request that you disclose to me a written summary of expert testimony the government intends to use during its case in chief at trial. This summary must describe the expert witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications.

6. **IDENTIFICATION PROCEDURES:** I request information of any identification procedure followed relating to this offense.

7. **EVIDENCE OF UNCHARGED MISCONDUCT:** I request notice in advance of trial concerning uncharged misconduct that the government will seek to introduce against my client. Please provide specifics regarding the alleged prior bad act or inextricably linked activity, including exact time and place of occurrence.

8. **EXCULPATORY INFORMATION:** Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), I request any and all information which is likely to exculpate the defendant.

9. **SUPER. CT. CRIM. PROC. 26.2 MATERIAL:** I request early disclosure of all Jencks material, so that issues may be resolved in advance and proceedings will not be delayed while I review material and prepare to use it in cross-examination, or consider any discovery or Brady ramifications. I also request that you diligently preserve all Jencks material.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION - FELONY BRANCH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: GJO District Court |
| v. | : | Judge: Linda Turner |
| Sunni Ham | : | Presentment; March 3, 2007 |

### MEMORANDUM OF LAW FOR PRESENTMENT OF DEFENDANT'S CHARGED WITH A FEDERAL OFFENSE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum of Law on issues relevant to the presentment of defendants who are charged with violations of federal law in the District of Columbia Superior Court.

### This Court's Authority to Act as a Federal Magistrate Judge and to Order Pre-Trial Detention

A person arrested and charged with a federal offense must be taken without unnecessary delay before a judicial officer. If a magistrate judge is not reasonably available, the initial appearance may be before a state or local judicial officer. Fed. R. Crim. P. 5(a)(c)(1)(B). The Superior Court, with respect to any criminal case over which the United States District Court for the District of Columbia has jurisdiction, may release or detain such offenders. Super. Ct. R. Crim. P. 40.

### Applicable Law

The law governing pre-trial release and detention of persons charged with federal offenses is codified at 18 U.S.C. §3141 et seq. Upon motion of the government the Court shall hold a detention hearing in a case that involves a case that is not otherwise a crime of violence in which

the defendant is charged with use or possession of a firearm or **which involve a minor child victim (see indictment)**, 3142(1)(f)(2)(E).[1] However, in this case the charges for which the defendant has been **indicted** also **are crimes of violence**, 3142(1)(A),[2] therefore the Court shall hold a detention hearing based on the fact that the defendant is charged with offenses which are crimes of violence and which involve a minor child victim.

In the instant case the defendant is charged with **Sex Trafficking of Children, in violation of Title 18, U.S.C. § 1591, Transportation of Minor for Prostitution, in violation of Title 18, U.S.C. § 2423(a), and Transportation of a Person for Prostitution, in violation of Title 18, U.S.C. § 2421, and Simple Assault, in violation of Title 22, D.C. Code § 404.** Accordingly, he is subject to pre-trial detention and the Court must hold a detention hearing in this case.

Upon motion of the government, the hearing can be continued for a period of up to three days excluding any intermediate Saturday, Sunday or legal holiday. During that period the defendant must remain detained. 18 U.S.C. §3142(1)(f)(2).

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY: _____
Douglas Klein
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

---

[1] This provision was added in the amendments to Section 3142 contained in the Adam Walsh Child Protection and Safety Act of 2006, which went in to effect on July 27, 2006.

[2] A crime of violence is defined by 18 U.S.C. 3156, is an offense that involves attempted use, threatened use of force, or any felony under Chapters 109A, 110, or 117.

## Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing memorandum was delivered by hand upon counsel for the defendant, this 3rd day of March, 2007.

_____
Douglas Klein
Assistant United States Attorney



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. |
| v. | : | GRAND JURY ORIGINAL |
| SUNNI HAM, | : | VIOLATIONS: 18 U.S.C. § 1591 |
| Defendant. | : | (Sex Trafficking of Children); |
| | : | 18 U.S.C. § 2423(a) |
| | : | (Transportation of a Minor for Prostitution); |
| | : | 18 U.S.C. § 2421 |
| | : | (Transportation of a Person for Prostitution); |
| | : | 22 D.C. Code § 404 |
| | : | (Simple Assault) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Beginning on or about May 1, 2006, and continuing until on or about May 19, 2006, in the District of Columbia and elsewhere, the defendant, SUNNI HAM, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, and obtained by any means, C.P., a minor under the age of 18, knowing that C.P. had not attained the age of 18 years and that C.P. would be caused to engage in a commercial sex.

(**Sex Trafficking of Children**, in violation of Title 18, United States Code, Section 1591)

### COUNT TWO

Beginning on or about May 1, 2006, and continuing until on or about May 19, 2006, in the District of Columbia and elsewhere, the defendant, SUNNI HAM, knowingly transported an individual, that is, C.P., a minor under the age of 18, in interstate commerce, from Maryland to the

District of Columbia and from the District of Columbia to Maryland, with the intent that C.P. engage in prostitution, a criminal offense under Title 22, D.C. Code Section 2701 (2001 ed.).

**(Transportation of a Minor for Prostitution**, in violation of Title 18, United States Code, Section 2423(a))

### COUNT THREE

Beginning on or about May 1, 2006, and continuing until on or about May 19, 2006, in the District of Columbia and elsewhere, the defendant, **SUNNI HAM**, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, and obtained by any means, S.H., a minor under the age of 18, knowing that S.H. had not attained the age of 18 years and that S.H. would be caused to engage in a commercial sex act.

**(Sex Trafficking of Children**, in violation of Title 18, United States Code, Section 1591)

### COUNT FOUR

Beginning on or about May 1, 2006, and continuing until on or about May 19, 2006, in the District of Columbia and elsewhere, the defendant, **SUNNI HAM**, knowingly transported an individual, that is, S.H., a minor under the age of 18, in interstate commerce, from Maryland to the District of Columbia and from the District of Columbia to Maryland, with the intent that S.H. engage in prostitution, a criminal offense under Title 22, D.C. Code Section 2701 (2001 ed.).

**(Transportation of Minor for Prostitution**, in violation of Title 18, United States Code, Section 2423(a))

### COUNT FIVE

Beginning on or about April 22, 2006, and continuing until on or about May 19, 2006, in the District of Columbia and elsewhere, the defendant, **SUNNI HAM**, knowingly transported Tanisha Taylor in interstate commerce, from Maryland to the District of Columbia, with intent that Tanisha

Taylor engage in prostitution for which a person can be charged with a criminal offense under Title 22, D.C. Code Section 2701 (2001 ed.).

(**Transportation of a Person for Prostitution**, in violation of Title 18, United States Code, Section 2421)

## COUNT SIX

Between on or about May 1, 2006, and on or about May 25, 2006, within the District of Columbia, **SUNNI HAM**, unlawfully assaulted and threatened Tanisha Taylor in a menacing manner.

(**Simple Assault**, in violation of Title 22, District of Columbia Code, Section 404 (2001 ed.).)

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia