IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 07-0040 (JDB) |
| V. | ) |
| | ) |
| **SUNNI HAM** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR CHANGES IN CONDITIONS OF RELEASE**

I.   BACKGROUND

Mr. Ham stands charged with two counts of sex trafficking of children, two counts of transportation of a minor for prostitution, transportation of a person for prostitution, and simple assault.  The events allegedly occurred between May 1 and May 19, 2006. He is currently held without bond on dangerousness grounds per an order by Magistrate Judge Facciola.

Based on the government's proffer, and on information and belief from discovery provided thus far, the government alleges that Mr. Ham traveled to the Baltimore area, met two young women under the age of majority (18), and convinced them to return with him to the Washington area to engage in prostitution.  According to the government, the women resided with him in Maryland, and were transported by him into the District to engage in prostitution; any monies received from the customers were given to Mr. Ham.[1]  The government also alleges that Mr. Ham transported an adult woman into the District for prostitution, and that on one occasion he hit her in the face.

---

[1] On information and belief the government claims that Mr. Ham also bedded one or both of these women in Maryland.  These allegations are not charged in the instant case.

II.    Argument

The government sought detention pursuant to 18 U.S.C. §3142(f)(1) (crime of violence), and Mr. Ham was detained pursuant to 18 U.S.C. §3142(e) (safety). Detention is not mandatory, however; any presumption may be rebutted, and 18 U.S.C. §3142(g) lists and enumerates factors to be considered in fashioning conditions of release.

Clearly the charges here are serious. The issue, however is whether Mr. Ham is so dangerous that he must be held without bond. Counsel, on information and belief, avers that the minors in question were 16 or 17 at the time of the events and that one or both were engaged in streetwalking activities in the Baltimore area at the time Mr. Ham allegedly met them. Accordingly, this case is not one where a child of tender age and naivete is dragooned and forced to engage in prostitution. Apparently, the women in question here historically and willingly engaged in prostitution. There is no indication by government's proffer that the women were kidnaped, beaten, or held against their will.

At this point the bulk of the evidence against Mr. Ham appears to be the testimony of streetwalkers. At least one of the minors is a runaway, and the testimony of prostitutes, we submit, may hardly be pristine. Accordingly, this case is not one that has the most reliable or credible of witnesses.

Mr. Ham is married and will live with his wife and 6 month old son at an apartment in Temple Hills, MD, if released. A telephone has been installed and has been verified as working by Pretrial Services. At the time of his arrest he was employed full time, as a barber. He does have a conviction for assault with a dangerous weapon/carrying a dangerous weapon; however it also appears that his supervision closed in 2006. Pretrial Services does not indicate that there were any

violations of supervision.  He is barred from contact with the putative victims in this case.

In sum, counsel submits that the Court can fashion conditions of release in this matter that do not necessitate bondless detention.  Electronic monitoring and a curfew, we submit, will assure the safety of the community as well as appearance.  Should the Court require more restrictive conditions, we would suggest halfway house placement.

For the foregoing reasons, and any others that may appear to the Court counsel and Mr. Ham ask that the Court modify the current condition and order placement in the high intensity supervision program, or, alternatively in a halfway house.

                         Respectfully submitted,

                         A.J. Kramer
                         Federal Public Defender


By: _____/s/_____
     Shawn Moore
     Assistant Federal Public Defender
     Attorney for Sunni Ham
     DC Bar#214171
     625 Indiana Avenue, NW #550
     Washington, DC 20004
     202/208-7500
     Fax/208-7515 or 501-3829