UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-040 (JDB) |
| v. | : | |
| SUNNI HAM, | : | |
| Defendant | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### FOR CHANGE IN CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion for change in conditions of release. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

### Factual Background

The defendant has been charged in a six-count indictment with two counts of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591, two counts of Transportation of a Minor for Prostitution, in violation of 18 U.S.C. § 2423(a), one count of Transportation of a Person for Prostitution, in violation of 18 U.S.C. § 2421, and one count of Assault, in violation of 22 D.C. Code § 404. The government expects the evidence presented at trial to prove the following: in May of 2006, the defendant, Sunni Ham, recruited two girls (C.P., a seventeen year-old, and S.H., a sixteen year-old) and attempted to recruit another seventeen year-old from Baltimore Street in Baltimore, Maryland to come with him to the District of Columbia for the purposes of prostitution. The defendant also prostituted Tanisha Taylor, an adult female, at the same time he was prostituting the girls. The girls and the adult female lived with the defendant at his house in Maryland while they were prostituting for him. The defendant purchased skimpy outfits for the two minors and instructed

them on how to behave when he put them out to prostitute.  He also brought the minors to meet his mother, a former prostitute who provided the minors with additional skimpy attire.  For two to three weeks, the defendant drove the minors to the "track" in D.C. -- an area known for prostitution.  The defendant instructed the minors and the adult to charge $150 for "everything," $75 for oral sex, and $100 for sex.  C.P., S.H., and Ms. Taylor gave the defendant all the money they earned from prostitution.  On one occasion, when the defendant suspected that C.P. had not given him all the money she earned, Ham struck her with a belt on her leg/buttocks area.[1]  The girls and Ms. Taylor stayed at the defendant's house during the day.  On May 23, 2006, Ham assaulted Ms. Taylor for not making her quota of $400 for that morning.   Ms. Taylor had visible injuries to her face and mouth as a result of this assault.  These injuries were witnessed and documented by a Metropolitan Police Department Detective.

On May 25 and 26, 2006, Ms. Taylor made controlled telephone calls to the defendant.[2] Those calls were recorded by law enforcement members.  In the May 25, 2006 telephone call, the defendant told Ms. Taylor that he did not need her to come back to work for him, because he "got more women."  When Ms. Taylor asked the defendant if he would hit her again, he said he would if she got "on [his] nerves."  In the May 26, 2006 phone call, the defendant admitted that he had three new "girls."

On June 16, 2006, law enforcement members executed a search warrant at the defendant's Maryland residence.  Inside, they obtained a number of items that corroborated the victims' account of events, including notes handwritten by Ms. Taylor, and a piece of paper listing S.H.'s name and

---

[1] This assault occurred at the defendant's home in Maryland.

[2] Audiotapes of these calls were provided to defense counsel on March 5, 2007.

date of birth.

On March 2, 2007, the defendant was arrested in this case. He waived his rights and gave a statement to the police in which he denied knowing Ms. Taylor.[3] He also provided a false address to the police upon arrest, and to the Pretrial Services Officer.

On March 5, 2007, the defendant was arraigned by Magistrate Judge Facciola. The government requested detention pursuant to 18 U.S.C. § 3142(e) and (f)(1). The request was granted, and on March 8, 2007, a detention hearing was held, after which Magistrate Judge Facciola ordered the defendant held pending disposition of this matter. On March 14, 2007, defendant filed a Motion for Change in Conditions of Release, seeking transfer to a halfway house or to the high intensity supervision program.

**Argument**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "BRA") establishes that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987). Pretrial detention may also be ordered if the government shows by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, i.e., that the defendant is a risk of flight. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure

---

[3] A videotape of this statement was provided to defense counsel on March 5, 2007.

an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986). The judicial officer will consider the following when determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

In this case, the defendant is charged with extremely serious offenses. Despite defendant's allegation in his motion that there is no indication that the "women were . . . beaten," the fact that the defendant has been charged *in the indictment* with assault obviously rebuts this claim. Defendant also claims that the minor victims in this case were not of "tender age," thereby insinuating that they are not due the same protections that younger children require. Obviously Congress saw differently, for 18 U.S.C. § 1591 applies to persons who have "not attained the age of 18 years . . . ." In addition, the fact that one of the minors may have been a runaway in no way diminishes the defendant's predatory and violent actions. Section 1591 does not provide lesser protections for troubled (and therefore more vulnerable) children.

Defendant's motion also seeks to cast doubt on the credibility of the government's witnesses, but their allegations are corroborated by the defendant's own recorded phone calls and the items seized during the execution of the search warrant. Defendant also claims that he now has a stable residence with a telephone. However, as noted above, the defendant lied to both the police and the Pretrial Services Agency when asked to provide his home address. See Pretrial Services Report at 2 ("According to the defendant's reference (father), the defendant does not reside at the [address

provided]. The defendant's father further stated that the defendant has his own place. The defendant did not provide PSA with an alternate address.") Furthermore, the defendant seeks to live with his wife, Linda Onuoha, if released. The government has reason to believe that Ms. Onuoha knew of her husband's criminal activity, as evidenced by the fact that she married the defendant within *days* of learning that the government sought to speak to her, and then asserted the marital privilege to avoid speaking to the government.

    The defendant's criminal history further proves the defendant's propensity for violence. In 2002 the defendant was convicted of two serious felonies: Assault with a Dangerous Weapon and Carrying a Pistol Without a License. In that matter, two off-duty Metropolitan Police Department Officers saw the defendant pull out a gun and fire several rounds at a moving vehicle. The officers captured the defendant and recovered the firearm from where he had dropped it. Officers later confirmed that one of the rounds fired by the defendant struck the passenger door of the vehicle. The defendant was on probation for those two felony offenses when he committed the instant offenses, and he tested positive for PCP, Cocaine, and Marijuana in the weeks after he committed the 2002 offenses.

    In sum, the evidence is overwhelming that the defendant is a serious danger to the community and that there are no conditions of release that would assure the safety of the community.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court DENY defendant's Motion for Change in Conditions of Release.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
Catherine K. Connelly
Assistant United States Attorney
Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20530
Office: 616-3384; Fax: 353-9414


_____/s/_____
Precious Murchison
Assistant United States Attorney
Maryland Bar
555 4th Street, N.W. #4840
Washington, D.C. 20530
Office: 307-6080; Fax: 353-9414

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-040 (JDB)** |
| | : | |
| v. | : | |
| | : | |
| **SUNNI HAM,** | : | |
| Defendant | : | |

**ORDER**

WHEREUPON, having considered the Defendant's Motion for Change in Conditions of Release, the Government's Opposition thereto, and the record before the Court, it is hereby

**ORDERED**, that defendant's motion is hereby DENIED.

_____      _____
DATE                                                                               UNITED STATES DISTRICT JUDGE

Copies to:

Catherine K. Connelly
Precious Murchison
Assistant United States Attorneys
555 4TH Street, NW
Washington, DC 20530

Shawn Moore
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC 20004