**FILED**
**APR 0 4 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-40 (JDB) |
| | : | |
| v. | : | |
| | : | |
| SUNNI HAM | : | |

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES:

    A.   The essential elements of the offense of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591 are:

        1.   That the Defendant knowingly recruited, enticed, harbored, transported or obtained C.P., whom the Defendant knew would be caused to engage in a commercial sex act; and

        2.   That the Defendant knew that C.P. was under 18 years of age; and

        3.   That the offense was in or affecting interstate commerce.

Definitions

A "commercial sex act" is described as any sex act, on account of which anything of value is given to or received by any person. 18 U.S.C. § 1591(c)(1).

The term "sex act" includes the penetration, however slight, of the anus or vulva of another by a penis and also any contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus. 22 D.C.C. § 3001(8).

1

B. The essential element of Pandering, in violation of 22 D.C.C. § 2705, is:

1. That the defendant placed, caused, induced, procured, or compelled, or attempted to place, cause, induce, procure, or compel S.H. to engage in prostitution.

Definitions

"Prostitution" means the engaging, agreeing to engage, or offering to engage in sexual acts or contacts with another person in return for a fee.

22 D.C.C. § 22-2701.1.

"Sexual act" is defined as the penetration, however slight, of the anus or vulva of another by a penis and also any contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus.

22 D.C.C. § 3001(8).

"Sexual contact" means the touching with any clothed or unclothed body part or any object, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. 22 D.C.C. § 3001(9).

C. The essential elements of assault, in violation of 22 D.C.C. § 404 are:

1. That the defendant made an attempt or effort, with force or violence, to injure Tanisha Taylor;

2. That at the time he made that attempt or effort, the defendant had the apparent present ability to injure Tanisha Taylor; and

3. That he made the attempt or effort voluntarily and on purpose, not by

mistake or accident.

II. <u>COPY OF THE PLEA AGREEMENT:</u>

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. <u>PENALTIES:</u>

 A. Pursuant to 18 U.S.C. § 1591, the offense of Sex Trafficking of Children carries a maximum sentence of 40 years imprisonment, up to five years of supervised release, and a fine of up to $250,000.

 B. Pursuant to 22 D.C. Code § 2705, the offense of Pandering carries a maximum sentence of 5 years imprisonment, a fine not to exceed $1,000 and up to three years supervised release.

 C. Pursuant to 22 D.C. Code § 404, the offense of Assault carries a maximum sentence of 180 days imprisonment, and a fine not to exceed $1,000.

IV. <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:</u>

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

In May of 2006, the defendant, Sunni Ham, recruited two girls (C.P., a seventeen year-old, and S.H., a sixteen year-old) from Baltimore Street in Baltimore, Maryland, to come with him to the District of Columbia to engage in sex acts in exchange for money. The defendant knew that C.P. was seventeen years old, and he knew that S.H. was sixteen years old. The defendant also prostituted Tanisha Taylor, an adult female, at the same time he was prostituting C.P. and S.H.

C.P., S.H., and Tanisha Taylor lived with the defendant at his house in Maryland while

they were prostituting for him. The defendant purchased skimpy outfits for C.P. and S.H. to wear while prostituting, and instructed them on how to behave when he put them out to prostitute on the streets of the District of Columbia. He also brought C.P. and S.H. to meet his mother, a former prostitute who provided C.P. and S.H. with additional skimpy attire. Between May 1, 2006, and May 19, 2006, C.P., S.H., and Ms. Taylor stayed at the defendant's house during the day. In the evenings, the defendant picked up C.P., S.H., and Ms. Taylor from his home in Maryland and drove them to the "track" in D.C. -- an area around the 1800 block of Rhode Island Avenue, NW, known for prostitution. The defendant instructed C.P., S.H., and Tanisha Taylor to charge $150 for "everything," $75 for oral sex, and $100 for vaginal sex. C.P., S.H., and Tanisha Taylor each engaged in sex acts in the District of Columbia, including, but not limited to, the penetration, however slight, of the anus or vulva by a penis, contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus, in exchange for money. C.P., S.H., and Ms. Taylor gave the defendant all the money they earned from these sex acts. By driving C.P., S.H., and Ms. Taylor from Maryland to the District of Columbia to engage in commercial sex acts, the defendant affected interstate commerce.

On May 23, 2006, Ham assaulted Ms. Taylor for not making her quota of $400 for that morning. Ms. Taylor had visible injuries to her face and mouth as a result of this assault. These injuries were witnessed and documented by a Metropolitan Police Department Detective. On May 25 and 26, 2006, Ms. Taylor made controlled telephone calls to the defendant. Those calls were recorded by law enforcement. When Ms. Taylor asked the defendant if he would hit her again, he said he would if she got "on [his] nerves." In the May 26, 2006 phone call, the defendant admitted that he had three new "girls."

At the time of these offenses, the defendant had criminal convictions for assault with a dangerous weapon and carrying a pistol without a license in D.C. Superior Court Case F-850-02. The defendant was also on probation in case F850-02 when he committed the instant offenses, and he committed the instant offenses less than two years after release from prison in case F850-02.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____
Catherine K. Connelly
Assistant United States Attorney
Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
(202)616-3384; Fax: 353-9414

_____
Precious Murchison by CKC
Precious Murchison
Assistant United States Attorney
Maryland Bar
555 4th Street, N.W. #4840
Washington, D.C. 20530
(202) 307-6080; Fax: 353-9414

## DEFENDANT'S ACCEPTANCE

I have read the above proffer and have discussed it with my attorney, Shawn Moore, Esquire. I fully understand the proffer and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully. I am pleading guilty because I am in fact guilty of the offenses describe above.

Date: 4/4/07

_____
Sunni Ham
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: April 4, 2007

_____
Shawn Moore, Esq.
Counsel for Larry Poole