IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | Cr. No. 07-0040 (JDB) |
| **V.** ) | |
| ) | |
| **SUNNI HAM** ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

I.   BACKGROUND

On June 12, 2007 defendant Sunni Ham will appear before the Court for sentencing. Mr. Ham was arraigned on charges sex trafficking of children (two counts), transportation of a minor for prostitution (two counts), transportation of a person for prostitution, and simple assault before Magistrate Judge Facciola on March 5, 2007. The government alleged that Mr. Ham traveled to the Baltimore area, met two young women under the age of majority (18), and convinced them to return with him to the Washington area to engage in prostitution. According to the government, the women resided with him in Maryland, and were transported by him into the District to engage in prostitution; any monies received from the customers were given to Mr. Ham. The government also alleges that Mr. Ham transported an adult woman into the District for prostitution, and that on one occasion he hit her in the face.

On April 4, 2007, Mr. Ham pled guilty before this Court to one count of sex trafficking, one count of pandering, and one count of simple assault. Each count specified a different victim.

The Probation Office calculated Mr. Ham's base offense level as 30; with three points subtracted for acceptance of responsibility, the base offense level becomes 27. His criminal history is calculated as category III. According to probation, these calculations result in a guidelines

sentence of 87 to 108 months.

    II.    <u>GROUPING</u>

Initially, we object to the calculation of the base offense level by Probation. The office factors into the level the second minor victim, who is <u>not included</u> as a victim in the federal count. The office refers to U.S.S.G. §2G1.3(d)(1), reading:

> If the offense involved more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the persuasion, enticement, coercion, travel, or transportation to engage in a commercial sex act or prohibited sexual conduct of each victim had been contained in a separate count of conviction.

Again, however, the offense pled to here, *i.e.* the 1591 count, includes only one victim. We submit that probation's interpretation obtains when the count includes two or more victims. In that case perhaps it is appropriate to group and increase the base level so that the defendant does not get a "free victim." Here, however, there is only one victim in the federal count. The other victims are included in the DC counts. Indeed, defendant submits that reference to the relevant conduct section by probation supports his interpretation. <u>See</u> U.S.S.G. §1b1.3. The different base levels have been calculated and increased pursuant to the specific offense characteristics and, as we have noted above the offense involves only one victim. Accordingly, we submit that the grouping resulting in the increased base offense level is inappropriate.[1]

    III.    <u>18 U.S.C. 3553 FACTORS</u>

With respect to §3553, we note initially that this offense is serious and is made more serious because two of the victims are under the age of majority. That said, it does not appear that any use

---

[1] Ms. Kraemer-Soares, the Probation Officer, notes that the issue with respect to this application remains unresolved; certainly it does not appear that the guidelines and the notes are models of clarity in this matter.

of force was directed against the minors by Mr. Ham. The misdemeanor assault involved the adult female.

Although Mr. Ham's contacts with the criminal justice system are numerous he has one criminal conviction of any severity. Some of the other contacts appear to have occurred when he was a juvenile and others are non-violent. It also appears that his childhood was troubled, as the presentence report indicates emotional disturbance, some treatment at St. Elizabeth's, medication, and attendance at a special school. He also has been gainfully employed as a barber.

Clearly, with respect to the length of sentence, Mr. Ham is not going to walk out of the courthouse at the end of his sentencing. However, whether the sentence imposed in the one recommended by probation, or a less severe one recommended by the defense, Mr. Ham will serve a substantial period of incarceration

Mr. Ham has demonstrated, however, some discipline in successfully completing a drug treatment program and has been gainfully employed as a barber. Mr. Ham also has fully accepted responsibility for his offenses, thus sparing the juveniles any trauma and embarrassment associated with public court appearances, sparing the community the cost of a trial, and sparing the Court the time and effort of a trial.

For the foregoing reasons and any others that may appear to the Court, counsel and Mr. Ham ask that the Court consider this Memorandum and exercise some leniency in the sentencing of Mr.

Ham.

          Respectfully submitted,

          A.J. Kramer
          Federal Public Defender

By: _____/s/_____
          Shawn Moore
          Assistant Federal Public Defender
          Attorney for Sunni Ham
          DC Bar#214171
          625 Indiana Avenue, NW #550
          Washington, DC 20004
          202/208-7500
          Fax/208-7515 or 501-3829